## Wolfe *v.* Edgewood Borough, Appellant.

*Road law—Assessment and damages for opening street—Payment of assessment—Reduction of damages—Act of May 16, 1891, P. L. 75.*

Where assessments of benefits for the opening of a street equal the damages awarded, and the parties benefited pay their assessments, but subsequently on an appeal from report of viewers, the damages awarded are reduced, the parties who paid their assessments are entitled to recover back from the borough their ratable proportion of the money paid to the borough in excess of the damages finally awarded. The fact that such ·payments were voluntary is immaterial.

Argued April 23, 1914. Appeal, No. 51, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1911, No. 542, on case tried by the court without a jury in suit of Eliza Reiter Wolfe v. Edgewood Borough. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover back assessment paid for benefits.

The case was tried by Brown, J., without a jury under the act of April 22, 1874.

From the record it appeared that plaintiff owned property on Race street in the borough of Edgewood. By proceedings under the Act of May 16, 1891, P. L. 75, viewers were appointed to ascertain the damages and benefits arising from the opening of Race street.

Brown, J., found the other facts to be as follows:

5. On May 14, 1904, the viewers filed their report awarding damages to certain abutting property owners and assessing abutting properties peculiarly benefited by the improvement, to pay said damages. The net amount of damages in said report was $4,108.75—and this amount the viewers assessed as benefits against the abutting properties peculiarly benefited by the improvement, to pay said damages. The viewers made no award or assessment against or in favor of the defendant borough.

6. No damages were awarded plaintiff. On the contrary, her property was assessed with $828, toward paying said damages.

7. Appeals from the viewers' report were taken to court by three property owners whose properties abutted upon the improvement, in whose favor in said report were net awards of damages and against whose properties were no assessment of benefits; and an appeal was taken by a property owner as to whom the net award in said report was by way of benefits. With these four exceptions no appeals were taken from said report; and the court, on June 16, 1904, confirmed said report of viewers absolutely, except as to the assessments appealed from in said four appeals.

8. On August 11, 1904, plaintiff, upon demand of defendant, and to avoid the filing of a lien by defendant against her property, paid defendant the $828 benefits assessed against her—plaintiff not having filed exceptions to or taken an appeal from said report.

9. Defendant also collected from all other property owners, against whom net benefits had been assessed by the viewers, the entire amount thereof; so that with what the plaintiff paid the defendant collected the total sum of $4,108.75 to pay damages to abutting properties, by reason of said improvement.

10. The said four appeals were subsequently so proceeded in as to result in reducing the total net damages from $4,108.75 to $1,076.60; and this latter sum was the total amount defendant had to pay and the total amount which was paid as and for damages resulting from said improvement.

11. All of said appeals were finally determined and disposed of, of record, on or before January 7, 1907.

12. The total assessments for benefits which defendant collected exceeded the total damages awarded by $3,032.15.

13. Plaintiff, on March 20, 1907, demanded of defendant repayment to her of $611.04, which is the proportionate amount of said $828 upon the ratio of $3,032.15 to $4,108.75—but defendant refused and always has refused to pay the same or any part thereof.

14. This is a suit by plaintiff to recover from defendant the said $611.04, with interest from March 20, 1907.

15. Said act of assembly provides:

The total assessments for benefits shall not exceed the total damages awarded or agreed upon.

### CONCLUSION OF LAW.

Plaintiff is entitled to a verdict for $842.82 (being $611.04, with interest from March 20, 1907).

*Error assigned* was the judgment of the court.

*John D. Meyer,* for appellant.—The legislature intended that the time for fixing equality between damages and benefits should be the day of the final con-

firmation of the viewers' report.  The payment by the plaintiff in this case was a voluntary payment not under compulsion or duress of person or property and cannot be recovered: Peebles v. Pittsburg, 101 Pa. 304; Seely v. Pittsburg, 82 Pa. 360; Payne v. School District, 168 Pa. 386; Monongahela Nav. Company v. Wood, 194 Pa. 47; Shenango Furnace Company v. Fairfield Township, 229 Pa. 357.

*M. W. Acheson, Jr.*, of *Sterrett & Acheson*, for appellee.—The borough could only use the assessments to pay damages: Wilbur St., 8 Pa. C. C. Rep. 477.

This is a case of a failure of consideration and the doctrine of voluntary payment has no application whatever: Jersey City v. Riker, 38 N. J. L. 225; Jersey City v. Green, 42 N. J. L. 627; Shenango Furnace Co. v. Fairfield Twp., 229 Pa. 357.

OPINION BY TREXLER, J., July 15, 1914:

The borough of Edgewood opened Race street.  Viewers were appointed under the Act of May 16, 1891, P. L. 75.  The benefits assessed by the viewers equaled the damages awarded.  The plaintiff paid her assessment.  Subsequently some of the parties affected appealed and the amount of damages was reduced and the borough has received from the benefits paid an amount in excess of the damages awarded.  The plaintiff has brought suit against the borough for her proportion of the excess.  The question before us is: Can the borough keep this money and thus make a profit out of the transaction or must it return to the various parties who paid their assessments for benefits their ratable proportion of this money received in excess of the damages awarded?

The third section of the Act of May 16, 1891, P. L. 75, provides, "The payment of damages sustained by the making of the improvement aforesaid, or by the vacation of any public highway, may be made, either

in whole or in part, by the corporation, or in whole or in part by assessments upon the property benefited by such improvements, as said viewers may determine and the court approve, and in the latter case the viewers appointed to assess damages, having first estimated and determined the same apart from benefits, shall also assess the said damages, or so much thereof as they may deem just and reasonable, upon the properties peculiarly benefited by the improvement, including in the said assessment all properties for which damages have been allowed, if, in their judgment, such properties will be benefited thereby, and shall report the same to the said court. The total assessments for benefits shall not exceed the total damages awarded or agreed upon."

The appellant contends that the words in the act, "The total assessments for benefits shall not exceed the total damages awarded or agreed upon," have relation only to the report of the viewers; that a subsequent change in the amount of the damages awarded does not affect the right of the parties as determined by the report; that the verdict of the jury is in no sense of the word an award; that as long as the viewers limit their assessment for benefits to the amount of damages awarded a proper compliance with the act is had.

We think this is sticking too closely to the letter and departing from the spirit of the act. The legislative intent is apparent. The viewers with the approval of the court may put the cost of this improvement either in whole or in part upon the properties benefited and thus relieve the borough of the burden of paying the improvement, but the latter is not to make any money out of the proceeding.

Whatever distinction may be drawn between an award of a board of viewers and a verdict of a jury, the purpose of the act is not affected. When all is done the total benefits shall not exceed the total damages. The plaintiff in this case is not to pay for something she did not get. All she is liable for is her proportion of

the damages the borough was required to pay. More than that the act does not require her to pay.

The amount which the borough received was applicable only to the payment of damages and to nothing else. To allow this borough to keep this money would be unjust and without warrant of law. As found by the court below, "In equity and good conscience defendant should refund to the plaintiff the amount sued for. It collected it and held it as a statutory trust solely for the specific purpose of paying the damages."

It is further urged that this being a voluntary payment it may not be recovered back. There is no doubt that the courts have held that money paid to a municipality not under compulsion or duress of person or property cannot be recovered back even if paid where an act providing for the assessment was declared unconstitutional: Seely v. City of Pittsburg, 82 Pa. 360; Payne v. School District, 168 Pa. 386; Monongahela Nav. Co. v. Wood, 194 Pa. 47; Shenango Furnace Co. v. Fairfield Township, 229 Pa. 357. We think, however, these cases do not govern the one we are considering. There is an express provision in this act that the benefits shall not exceed the damages. In permitting this plaintiff to recover the amount she has paid in excess of the rightful damages of the borough we are merely carrying out the act. If we would take any other course we would be defeating the intent of the legislature as plainly expressed.

Judgment affirmed.

PORTER, J., dissents.